```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT
```

Robert Baughman,                :
      Petitioner,               :
                                :
   v.                           :    File No. 1:05-CV-56
                                :
James Erwin and William         :
Sorrell,                        :
      Respondents.              :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Papers 1 and 21)

Petitioner Robert Baughman, an Ohio inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although Baughman is currently serving a sentence in Ohio for an Ohio crime, his petition pertains to his 2003 conviction and sentence in the State of Vermont on an unrelated charge of first degree murder. (Paper 1). Baughman is scheduled to serve his Vermont sentence consecutive to his Ohio sentence.

In his petition, Baughman claims (1) that his Vermont sentence was enhanced in violation of his Fifth and Sixth Amendment rights, (2) that the issuance of consecutive sentences in different states was unconstitutional, and (3) that Vermont's sentencing scheme violates recent U.S. Supreme Court holdings. The

respondents have moved to dismiss the petition, arguing that Baughman failed to exhaust his state court remedies, and that his claims lack substantive merit.  (Paper 21).  In response, Baughman claims that he was misinformed by counsel about the exhaustion issue, that counsel's performance at his plea and/or on appeal was constitutionally ineffective, and that his plea was involuntary.  (Paper 25).  In the alternative, Baughman asks the Court to stay his petition while he exhausts his state court remedies.

## Factual Background

On November 4, 2001, Baughman was charged with first degree murder in violation of 13 V.S.A. § 2301.  On July 8, 2003, Baughman entered a plea of *nolo contendere* to the murder charge.  Consistent with the terms of his plea agreement, Baughman was sentenced to 25 years to life, to be served consecutive to a nine year sentence Baughman is currently serving in Ohio for crimes related to a robbery.  The plea agreement specified that the Ohio sentence would not be concurrent to the Vermont sentence, and that "the instant sentence may, in effect, be consecutive (i.e. in addition to) any remaining portion

of the aforementioned Ohio sentence." (Paper 20, Ex. D).

Under Vermont law, a life sentence is automatically appealed, and the Vermont Supreme Court "shall in each such case review the record in the interests of justice and pass upon any claim of error therein as if a notice of appeal has been filed, unless the defendant with the advice of counsel has waived such appeal in writing." V.R.A.P. 3(b); see also State v. Gardner, 169 Vt. 566, 567 (1999). On August 24, 2004, Baughman signed a document entitled "Appellant's On The Record Waiver of Appeal and Agreement That The Proceeding May Be Dismissed," in which Baughman clearly waived his right to appeal. (Paper 20, Ex. D). The document was also signed by Baughman's attorney and the attorney for the State of Vermont. Id. On September 22, 2004, the Vermont Supreme Court dismissed Baughman's direct appeal. Id. at Ex. F.

On September 24, 2004, Baughman filed a Motion to Reconsider Sentence in Vermont District Court. The motion was denied on September 29, 2004. In denying the motion, the court cited that fact that "[t]he sentence imposed was the product of plea agreement that provided for consecutive sentence," and further noted that the

3

circumstances "presented at sentencing, and in present motion, accepting facts as true, provide no basis for reconsideration/reduction/alteration of the sentence imposed." Id. at Ex. H.  There is no record evidence that, other than the automatic appeal of his sentence which was voluntarily dismissed, Baughman has submitted any motions or appeals to the Vermont Supreme Court.

Baughman filed his § 2254 petition in the United States District Court for the Southern District of Ohio on November 16, 2004.  (Paper 1).  The petition was then transferred and received by this Court on March 4, 2005. The respondents were subsequently served, and filed a motion to dismiss arguing, inter alia, failure to exhaust state court remedies.  (Paper 21).

## Discussion

### I.   Exhaustion of State Court Remedies

Before a federal court may consider the merits of a habeas claim, a petitioner is required to exhaust his available state court remedies.  See 28 U.S.C. § 2254(b)(1); see also Daye v. Attorney Gen., 696 F.2d 186, 190-91 (2d Cir. 1982) (en banc), cert. denied, 464 U.S.

4

1048 (1984).[1]  To exhaust a habeas claim, the petitioner must also have fairly presented the federal nature of his claim to the state courts.  See, e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (*per curiam*); Picard v. Connor, 404 U.S. 270, 275-76, 278 (1971); Daye, 696 F.2d at 191-92.  Federal habeas review of an issue that was never properly presented to the state courts would "undermine the very considerations of comity that the rules of exhaustion were designed to protect."  Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991).  If, however, a petitioner is able to demonstrate that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect (his) rights," a federal habeas court may review his claims.  28 U.S.C. § 2254(b)(1).

The Second Circuit recently explained that "[t]he exhaustion inquiry has come to embody . . . two related questions . . . .  First, a federal court must examine whether applicable state court remedies remain available to the petitioner."  Galdamez v. Keane, 394 F.3d 68, 73

---

[1] This rule applies to each of Baughman's claims, including his claim of ineffective assistance of counsel.  See Sweet v. Bennett, 353 F.3d 135, 139-41 (2d Cir. 2003).

(2d Cir. 2005). Vermont law provides avenues for direct appeal, post-conviction relief and state habeas corpus. See 12 V.S.A. § 2383 et seq. (direct appeal); 13 V.S.A. §§ 7131-37 (post-conviction relief); 12 V.S.A. §§ 3951 et seq. (state habeas corpus). A petitioner need not exhaust each of these remedies, so long as he gives "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Vermont places no time limit on when a prisoner may seek either post-conviction relief or state habeas corpus review, and either type of proceeding can be appealed directly to the Vermont Supreme Court. See 12 V.S.A. §§ 3951 et seq.; 13 V.S.A. §§ 7131-37. However, the Vermont Supreme Court has held that "post-conviction review is not a substitute for appeal," and that issues that were contested at trial but not raised on appeal may not be raised on post-conviction review "unless it is demonstrated that the failure to raise them on direct appeal was inadvertent, that appellate counsel was ineffective, or that extraordinary circumstances excused

6

the failure to raise the issues on appeal." In re Nash, 149 Vt. 63, 64 (1987). If an issue was not preserved at trial, it may be brought in a post-conviction relief petition. See In re Carter, 848 Vt. 281, 286 (2004).

Here, there is no evidence to indicate that the issues now being raised by Baughman were ever asserted prior to his conviction, sentencing, or direct appeal. Furthermore, Baughman has made general allegations of ineffective assistance of counsel at the trial and appellate levels. Consequently, it appears that Baughman's current challenges to his conviction and sentence may be brought in the course of a post-conviction review proceeding in the Vermont state courts.

The second question identified by the Second Circuit is "whether the petitioner 'properly exhausted those [state] remedies, i.e., whether [petitioner] has fairly presented his [or her] claims to the state courts,' . . . such that the state court had a fair opportunity to act." Galdamez, 394 F.3d at 73. In this case, Baughman dismissed his direct appeal before the Vermont Supreme Court had an opportunity to address the merits of his claims. Consequently, the Vermont Supreme Court has not

been given a "fair opportunity to act," and Baughman has failed to exhaust his state court remedies.

Notwithstanding the failure to exhaust, a court may deny a writ of habeas corpus on the merits. See 28 U.S.C. § 2254(b)(2); Turner v. Artuz, 262 F.3d 118, 122 (2d Cir. 2001) (*per curiam*). Baughman's claims, however, are not clearly without merit. In particular, his ineffective assistance of counsel claims may require additional record support before the Court can fully evaluate those claims. I therefore recommend that Baughman's claims be DISMISSED for lack of exhaustion.

II. Request for Stay

Baughman has requested that, if the Court dismisses his claims for lack of exhaustion, this case be stayed while he exhausts his state court remedies. "While a stay might permit [the petitioner] the opportunity to exhaust his state claims without risk that his petition would be time barred, there is no basis to retain jurisdiction over a petition that contains only unexhausted claims." Shomo v. Maher, 2005 WL 743156, at *7 n.12 (S.D.N.Y. March 31, 2005) (citing Carpenter v. Reynolds, 212 F. Supp. 2d 94, 97 (E.D.N.Y. 2002); Ramos

v. Superintendent of Clinton Corr. Facility, 2002 WL 1226860, at *3 (S.D.N.Y. Apr. 12, 2002)).  Beyond the fact that there is no authority for granting a stay in a case such as this, courts in this Circuit have noted that "entering a stay in cases such as this would turn federal courts into a 'jurisdictional parking lot' for unexhausted claims and undermine the comity interests promoted by the exhaustion requirement."  Id. (quoting Baity v. McCary, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002)).

While Baughman should have sufficient time in which to go to state court, exhaust, and return to this Court if necessary, he must move quickly.  The limitations period for filing a § 2254 petition is one year.  28 U.S.C. § 2254.  That period commences when a state court judgment becomes final.  Id.  In this Circuit, a state court case that has not been appealed to the U.S. Supreme Court becomes final 90 days after final resolution in the state supreme Court.  Accordingly, Baughman's state court conviction became final 90 days after the Vermont Supreme Court dismissed his direct appeal in September, 2004.  See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir.),

9

cert. denied, 534 U.S. 924 (2001); 28 U.S.C. § 2244(d)(1)(A); U.S. Sup. Ct. R. 13(1); cf. Clay v. United States, 537 U.S. 522, 528 (2003).

Although a state court post-conviction review proceeding[2] will stay the statute of limitations under § 2254, the filing of a federal habeas corpus petition does not stay the limitations period.  28 U.S.C. § 2244(d)(2) (limitations period is tolled for "time during which a properly filed application for State post-conviction review or other collateral review with respect to the pertinent judgment or claim is pending . . . ."); Duncan v. Walker, 531 U.S. 991 (2001) (pendency of a federal habeas corpus proceeding does not toll the one-year statute of limitations imposed on state prisoners' habeas corpus proceedings by 28 U.S.C. § 2244(d)).  Therefore, the limitations period has been running since Baughman's state court conviction became final, and has not been tolled by the fact that his § 2254 petition has been pending in the federal courts.  Nonetheless, Baughman may still present a "properly filed" post-conviction relief

---

[2]  The Court expresses no opinion as to whether or not Baughman's motion for resentencing qualified as a post-conviction relief proceeding under § 2244(d)(2).  Even if it did, however, this fact would not impact the urgency with which Baughman should proceed, since the motion was only pending in state court for five days.

10

petition in state court, thereby tolling the limitations period until that proceeding becomes final. 28 U.S.C. § 2254(d)(2). Once Baughman has exhausted his state court remedies, the limitations clock will again commence. If Baughman moves quickly, both in filing his state court petition and, if necessary, returning to federal court once his state court remedies have been exhausted, he should be able to present a § 2254 petition with fully exhausted claims. I therefore recommend that Baughman's request for a stay be DENIED, and that his claims be DISMISSED without prejudice so that he may proceed with collateral review in state court.

## Conclusion

For the reasons set forth above, I recommend that the respondents' motion to dismiss (Paper 21) be GRANTED, and that Baughman's petition for habeas corpus (Paper 1), brought pursuant to 28 U.S.C. § 2254, be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 9th day of August, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).